Form: ICB-12001-01 rev. 01

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Andrew B. Finberg
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38, Suite 580
Cherry Hill, NJ  08002-2977

Order Filed on September 19, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Alberta Gilbridge-Wonderlin

Debtor(s)

Case No.:        24-14704 (JNP)

Hearing Date:    09/18/2024

Judge:           Jerrold N. Poslusny Jr.

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two(2) through four(4) is hereby **ORDERED**.

**DATED: September 19, 2024**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2 of 4
Debtor: Alberta Gilbridge-Wonderlin
Case No.: 24-14704 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

The plan of the debtor having been proposed to the creditor, and a hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provision of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 05/08/2024, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor; and it is further

**ORDERED** that the debtor shall pay the Standing Trustee, Andrew B. Finberg, the sum of $1,764.00 **for a period of 56 months** beginning immediately, which payment shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586, together with $6,660.00 paid to date.

**ORDERED** that debtor shall pay.

100% to timely filed non-priority unsecured claims, or claims allowed pursuant to an order of the Court.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee of $4,750.00.  The unpaid balance of the allowed fee in the amount of $3,700.00 plus costs of $0.00 shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

Page 3 of 4
Debtor: Alberta Gilbridge-Wonderlin
Case No.: 24-14704 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that if the debtor should fail to make plan payments for a period of more than 30 days, the Standing Trustee may file, with the Court and served upon the debtor and debtor's counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the debtor(s), debtor(s)' attorney and any other party filing a Notice of Appearance.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte an Amended Order Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed.R.Bank. P.3002.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf the creditor within 30 days of the expiration of the applicate bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

Page 4 of 4
Debtor: Alberta Gilbridge-Wonderlin
Case No.: 24-14704 (JNP)
Caption of Order: ORDER CONFIRMING CHAPTER 13 PLAN

---

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. §1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any discharge.

**ORDERED** that the debtor consents to pay secured claims as filed, with reservation of rights to challenge the claims.

**ORDERED** that any post-confirmation appreciation in the estate of the debtor be used for the benefit of the unsecured creditors.

**ORDERED** that any funds accrued to a creditor who has not filed a timely proof of claim be used for the benefit of the unsecured creditors.

**ORDERED** as follows:

Total plan length of 60 months. Internal Revenue Service's priority claim in the amount of $3,550.00 shall be paid by the Chapter 13 Trustee.